{¶ 61} While I concur with the majority in affirming Mathis' conviction, classification as a sexual predator, and maximum sentence, I respectfully dissent and would affirm the trial court's imposition of consecutive sentences. The record reflects that the trial court adhered to the statutory requirements of R.C. 2929.14(E)(4) when it found that Mathis committed the worst form of the offense by using the internet to get close to the young victim and that the consecutive sentence would not be disproportionate to the danger that Mathis posed to the public, as he used the internet to contact a child. Moreover, because of the deception involved by going to the victim's parent's house under the auspice that Mathis was 27 and with his 18-year-old son, the trial court found, under R.C. 2929.14(E)(4)(b), that the harm caused was so great or unusual that no single prison term would adequately reflect the seriousness of Mathis' conduct. Because the trial court followed the mandates of R.C.2929.14(E)(4), I would affirm the trial court's imposition of Mathis' consecutive sentence.